UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW FREDERICK TITTIGER,

                Plaintiff,                     Case No. 1:11-cv-687

v.                                        Honorable Gordon J. Quist

UNKNOWN MCKEE et al.,

                Defendants.

_____/

## OPINION

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants McKee, Strotter, Youngs, Schooly, Schnyder, Welton, Unknown Parties (named as "Grievance Coordinators for Step I and II"), Bennickson, Bancroft and Schlitter. The Court will serve the complaint against Defendants Anderson, Fokler, Kline and Srosse.

**Discussion**

I.      Factual allegations

Plaintiff is a state prisoner incarcerated at the Bellamy Creek Correctional Facility (MSP) in Ionia, Michigan.  He sues the following employees of MSP: Warden (unknown) McKee; Deputy Warden (unknown) Strotter; Deputy Warden (unknown) Youngs; Assistant Deputy Warden (ADW) (unknown) Schooly; Lieutenant (unknown) Schnyder; Inspector (unknown) Welton; Corrections Officers (unknown) Anderson, (unknown) Fokler, (unknown) Kline, (unknown) Srosse and (unknown) Bancroft; the grievance coordinators for steps I and II; Sergeant (unknown) Bennickson; and Resident Unit Officer (RUO) (unknown) Schlitter.    In his *pro se* complaint, Plaintiff alleges that "in/or around July/Aug[ust] of 2010," he was raped by at least seven corrections officers while he was serving "hole time" in room 248.  (Compl., docket #1, Page ID#6.)  At the time, he was taking new pills for "moods," depression and schizophrenia.  (*Id.*)  Seven people dressed in black entered the cell with their faces covered in scarves.  They put a needle in him, stripped him, and gave him at least five pills.  Defendants Anderson and Fokler were present, laughing at Plaintiff.  Plaintiff recognized them because they had previously harassed him.  Anderson pulled his scarf down and "gave [Plaintiff] head" while Fokler held Plaintiff's right leg.  (*Id.*)  Plaintiff was then placed on a table and sodomized by Anderson and Fokler.  Defendants Kline and Srosse were also present, as well as Officer Swarts (who is not named as a Defendant in this action).

Plaintiff bled for two weeks after the incident.  Plaintiff alleges that he tried to keep evidence of the incident but some unidentified officials came and took it all from him.  Plaintiff sent several kites for medical attention but he was never called out for it; instead, he was told to stop lying. Plaintiff wrote grievances but nothing was done.  When Plaintiff was finally seen by medical

staff, he asked staff to check his anus for tearing, but he was told that it was too late and there was nothing to be done.  He was called a liar and was told that inmates do not matter.

Plaintiff alleges that Kline, Srosse and Swarts continued to threaten and degrade Plaintiff every day.  They have also threatened to harm him.  The prison warden has not moved Plaintiff or removed the corrections officers from their positions as is allegedly required by prison policies.

Plaintiff further alleges that Officers Bancroft and Schlitter took property from Plaintiff, including:

> Hobbycraf[t], Artwork, Radio, Headphones[,] lots of legal work, personal letters and lots of Gri[e]vances. [Plaintiff has] had many altercations with them, they never even wrote all the so called Contraband removal slip, but ever[y] single day inmate in 400 unit has had these problems[.]

(Compl., Page ID#8.)

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct.

at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at

1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under

28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a

right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.

Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to state a claim against Defendants Strotter, Youngs, Schooly,

Schnyder, Welton, Unknown Parties (named as "Grievance Coordinators for Step I and II"), and

Bennickson because they are not identified in the body of the complaint.  It is a basic pleading

essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S.

at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a

defendant fair notice of the claim).  Where a person is named as a defendant without an allegation

of specific conduct, the complaint is subject to dismissal, even under the liberal construction

afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir.

2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved

- 4 -

in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  Plaintiff's claims against these Defendants fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

To the extent Plaintiff sues any of the foregoing Defendants because of their supervisory role over other Defendants, he fails to state a claim.  Government officials may not be held liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Strotter, Youngs, Schooly, Schnyder, Welton, or Unknown Parties (named as "Grievance Coordinators for Step I and II") engaged in any active unconstitutional behavior. Accordingly, they will be dismissed as Defendants because Plaintiff fails to state a claim against them.

### A.  Eighth Amendment claims

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). An alleged deprivation must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). On the other hand, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

### 1.  Sexual assault.

Plaintiff alleges that Defendants Fokler and Anderson sexually assaulted him. The Court concludes that these allegations suffice to state an Eighth Amendment claim. *See Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) ("[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the

- 6 -

'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment.") (quoted cases omitted).

2.  <u>Failure to protect</u>.

Plaintiff alleges that Defendant Kline and Srosse were present while Anderson and Fokler were attacking Plaintiff.  He also alleges that the warden (Defendant McKee) did not move Plaintiff or remove the Defendant corrections officers from their positions.  In its prohibition of "cruel and unusual punishments," the Eighth Amendment directs prison officials to "take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).  To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm.  *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995).  *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).  The Court concludes that Plaintiff's allegations state an Eighth Amendment claim against Defendants Kline and Srosse because they were present while Plaintiff was being attacked.

Plaintiff does not state a claim against Defendant McKee, however.  Plaintiff merely alleges that McKee did not take action to protect Plaintiff from the prison officers involved in the assault, but Plaintiff does not allege that McKee had any knowledge of the attack, or was aware of a risk of harm to Plaintiff.  In other words, Plaintiff has not pled a necessary element of an Eighth Amendment claim, i.e., that McKee was deliberately indifferent to a serious risk of harm to Plaintiff.  Further, as noted in section II, *supra*, Warden McKee cannot be held liable under § 1983 merely

- 7 -

because of his supervisory role over other Defendants to this action. Plaintiff, therefore, fails to state a claim against McKee.[1]

### 3. Failure to provide medical attention.

Plaintiff alleges that he sought medical treatment and specifically asked medical staff to evaluate his anus, but his requests were effectively ignored. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Plaintiff fails to state an Eighth Amendment claim against the named Defendants because none of them are alleged to have been involved in the denial of treatment. *See Gilmore*, 92 F. App'x at 190 (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

### B. Fourteenth Amendment– due process

Plaintiff alleges that Defendants Bancroft and Schlitter confiscated certain property from Plaintiff without submitting a contraband removal slip. To the extent Plaintiff asserts that Bancroft and Schlitter deprived Plaintiff of property without due process, in violation of the Fourteenth Amendment, Plaintiff fails to state a claim. Plaintiff's due-process claim is subject to the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act"

---

[1] To the extent Plaintiff alleges that McKee did not follow prison policies, he fails to state a claim. Plaintiff's claim is conclusory; he does not identify the policy that was violated. Moreover, a defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy.  If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law."  *Parratt*, 451 U.S. at 537.  This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure.  *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).  Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies.  *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).  Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action.  *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case.  Plaintiff has not alleged that state post-deprivation remedies are inadequate.  Moreover, numerous state post-deprivation remedies are available to him.  First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation.  MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004).  Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board.  MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B.  Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies."  MICH. COMP. LAWS § 600.6419(1)(a).  The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property.  *See Copeland*, 57 F.3d at 480.  Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of

his personal property.  Accordingly, Plaintiff fails to state a due-process claim against Bancroft and Schlitter.

### C.      First Amendment– Access to courts

Some of the property taken by Defendants Bancroft and Schlitter included Plaintiff's legal papers and grievances.  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts.  The confiscation of an inmate's legal papers could conceivably violate this right because prison officials are prohibited from "actively interfering with inmates' attempts to prepare legal documents."  *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  To bring a successful access-to-courts claim, however, Plaintiff must show "actual injury" to the pursuit of a nonfrivolous legal claim.  *Id.* at 349, 353.  Further, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. 353 & n.3).  The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  *Christopher*, 536 U.S. at 416.  Plaintiff has not pled any  injury as a result of the loss of his legal papers, much less actual injury to a nonfrivolous legal claim.  Thus, he fails to state an access-to-courts claim against Defendants Bancroft and Schlitter.

### <u>Conclusion</u>

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants McKee, Strotter, Youngs, Schooly, Schnyder, Welton, Unknown Parties (named as "Grievance Coordinators for Step I and II"), Bennickson, Bancroft and Schlitter will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and

42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Anderson, Fokler, Kline and Srosse.

An Order consistent with this Opinion will be entered.


Dated:  September 13, 2011                        _____/s/ Gordon J. Quist_____
                                                                        GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE